UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20013-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

FREDIS VALENCIA PALACIOS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 160]. The Order of Reference requires a Report and Recommendation as to the appropriateness of the Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Fredis Valencia Palacios ("Defendant"). Id. Upon a thorough review of this matter, the undersigned respectfully recommends that the CJA Voucher be approved.

## PROCEDURAL BACKGROUND

In this case, four defendants were charged with conspiracy to induce three aliens to come to the United States illegally, resulting in the death of two of the aliens; and with one substantive charge of inducing aliens to come to the United States illegally, resulting in death, for each of the three aliens. See Indictment [D.E. 8]. Defendant made his initial appearance on May 10, 2018, at which time Attorney Arturo V. Hernandez ("Attorney Hernandez") was appointed as CJA counsel to represent Defendant [D.E. 49]. On May 15, 2018, the undersigned held a detention hearing, at which Defendant was ordered pretrial detained [D.E. 51, 52]. On September 25, 2018,

Defendant entered a guilty plea as to all four counts in the Indictment [D.E. 66, 67]. On December 4, 2018, the Court sentenced Defendant to a term of 180 months [D.E. 122, 123].

The CJA voucher submitted by Attorney Hernandez requests compensation in the amount of $17,571.91, which consists of $16,660.00 in fees for 119.0 out-of-court hours, $756.00 in fees for 5.4 in-court hours, $26.16 in travel expenses, and $129.75 in other expenses.

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001).

## DISCUSSION

The CJA Voucher reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 38.7 | 5,418.00 |
| Obtaining and Reviewing Records | 42.5 | 5,950.00 |
| Legal Research and Brief Writing | 34.8 | 4,872.00 |
| Travel Time | 2.5 | 350.00 |
| Investigative and Other Work | 0.5 | 70.00 |
| **Total** | **119.0** | **16,660.00** |

In a letter addressed to the Court, Attorney Hernandez explained that the issues presented

at the sentencing of Defendant were novel and complex, both in the factual and the legal aspects of the case, due to the occurrence of two deaths in connection with the attempted smuggling of the three aliens. As a result, preparation for the sentencing hearing was extended and complex. Additionally, at an *ex parte* hearing held on March 20, 2019, Attorney Hernandez further explained that, even though the case was ultimately resolved by way of a plea, he had to devote numerous hours to trial preparation in an effort to convince the government not to argue for holding Defendant responsible for the deaths, which were carried out by co-defendants. Once Attorney Hernandez achieved this objective, he advised Defendant to enter a guilty plea. Attorney Hernandez also stated at the *ex parte* hearing that significant time had to be spent reviewing discovery, which included the double homicide file from Colombia, where the deaths took place. The undersigned has reviewed the time sheets submitted by Attorney Hernandez and finds these hours to be reasonable in light of the foregoing explanations.

## **RECOMMENDATION**

Based on the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Hernandez's CJA Voucher be approved in the amount of $17,571.91, which consists of $16,660.00 in fees for 119.0 out-of-court hours, $756.00 in fees for 5.4 in-court hours, $26.16 in travel expenses, and $129.75 in other expenses.

The undersigned further recommends approval of the excess over the statutory cap to provide fair compensation based on the extended/complex work required for effective CJA representation in this case.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144,

1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 21st day of March, 2019.

*(signature)*
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Jose E. Martinez
Counsel of Record

4